UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

CHRISTIAN MCDONALD,

           Plaintiff,

        -against-

STEVEN J. BROWN, et al.,

           Defendants.

------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2014

12 Civ. 7109 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Christian McDonald brings claims against Defendants Thomas V. Conigliaro and Verify LLC (the "Conigliaro Defendants") for copyright infringement, unjust enrichment, and quantum meruit. The Conigliaro Defendants move for summary judgment dismissing the claims against them. For the following reasons, the Conigliaro Defendants' motion for summary judgment is granted.

## BACKGROUND

        McDonald authored a screenplay titled "Remnants" that he hoped to turn into an independent film. To produce that film, McDonald and Allison Hull created a partnership called Res Ipsa Loquitur Productions ("Res Ipsa"). (McDonald Dep. 54:17-56:24, May 20, 2013, ECF No. 56-14.) In late 2005, Res Ipsa retained Barry Jay Reiss, to arrange financing for the film. (McDonald Dep. 75:14-79:8.)

        Eventually, Defendant Steven Brown and his production company, Cine Globe Productions LLC ("Cine Globe"), expressed interest in producing "Remnants." (McDonald Dep.

-1-

85:3-24.) To that end, Hull and Brown executed an operating agreement for Remnants Productions LLC ("Remnants Productions") in August 2006. (Decl. Lisa Ornest Ex. D, July 3, 2013, ECF No. 59-4.) Under the operating agreement, Res Ipsa owned 49.5% and Cine Globe owned 50.5% of Remnants Productions. (Ornest Decl. Ex. D ¶ 7.) Res Ipsa would oversee creative development and Cine Globe would obtain financing. (McDonald Dep. 85:21-24.) Res Ipsa agreed to contribute the screenplay copyright, McDonald's services as writer and director, and Hull's services as executive producer to the new enterprise. (Ornest Decl. Ex. D ¶ 13.) And Cine Globe promised to arrange financing and production and to contribute Brown's services as a producer. (Ornest Decl. Ex. D ¶ 13.)

McDonald executed two copyright assignments, transferring the screenplay copyright from McDonald to Res Ipsa and then from Res Ipsa to Remnants Productions. (Ornest Decl. Ex. E, at 1-2.) The assignments are dated August 1, 2006, (Ornest Decl. Ex. E at 1-2,) and McDonald does not dispute the date of execution. (Pl.'s Counter Statement Mat'l Facts Opp'n Conigliaro Defendants ¶¶ 10, 11; see McDonald Dep. 275:5-18.) McDonald claims he signed the transfers because Reiss promised that McDonald would direct the film and retain the screenplay copyright until McDonald completed his services as writer and director. (See, e.g., McDonald Dep. 85:14-18, 94:4-14.) According to McDonald, Reiss repeatedly told McDonald as early as October 2006 that the assignments were not yet effective and that his services as director were guaranteed. (McDonald Dep. 272:10-273:11, 276:9-13.) McDonald claims Reiss continued to assure him that McDonald retained the "Remnants" copyright until December 2009 or January 2010. (McDonald Dep. 259:24-262:12.)

After overtures to potential investors, Conigliaro and several others agreed to finance the film. (See Dep. Thomas V. Conigliaro 16:2-11, Mar. 26, 2013, ECF No. 56-13.) Pre-production began in New Orleans in late November 2009 with McDonald serving as director. (McDonald Dep. 218:2-14.) One month later, McDonald's services as director ended abruptly. (McDonald Dep. 158:18-159:21.) Production was completed in January 2010 under the supervision of another director. The film has not yet been distributed. (Thomas V. Conigliaro Dep. 59:3-8, 68:7-11, Mar. 26, 2013.) According to McDonald's attorney, McDonald learned the "Remnants" copyright was no longer registered in his name in December 2009 or January 2010. (Pl.'s Mem. Opp'n Summ. J. 13.)

In 2011, Conigliaro brought various statutory and common law claims for misrepresentation and breach of fiduciary duty against Brown, Remnants Productions, and other entities involved in the film, but not McDonald. (Ornest Decl. Ex. J.) During settlement discussions, the parties proposed transferring the "Remnants" screenplay copyright to Conigliaro. Reiss argued that any settlement transferring the copyright without awarding McDonald compensation could jeopardize the original copyright transfer from Res Ipsa to Remnants Productions. (See, e.g., Ornest Decl. Ex. G at BR 0000070.) Undeterred, the Conigliaro Defendants settled with Brown, Remnants Productions, and three others, transferring the "Remnants" screenplay copyright without compensating McDonald. (Decl. Christopher R. Deubert Ex. J at 1, June 4, 2013.)

The settlement conveyed Remnants Productions' assets, including the "Remnants" screenplay copyright, from Remnants Productions to Conigliaro without transferring Remnants Productions' obligations. (Deubert Decl. Ex. J at 2, 15.) Conigliaro then transferred

the copyright to Verify LLC, an entity solely owned by Conigliaro. (Deubert Decl. Ex. L at 3; Conigliaro Dep. 171:12-17.)

McDonald never met or spoke with Conigliaro prior to filing this suit, although he tried to relay messages to Conigliaro via other parties. (Conigliaro Dep. 30:3-15.) Among his other claims, McDonald sought compensation from Reiss for allegedly fraudulently inducing McDonald to assign the copyright and then assuring him the assignments were not immediately effective. (Second Amended Complaint ¶¶ 86-91.) In November 2013, McDonald settled his claims with Reiss. (See Stipulation of Discontinuance as Against Barry J. Reiss, Nov. 19, 2013, ECF No. 97.)

## DISCUSSION

### I. Legal Standard

Summary judgment should be rendered if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the moving party has made an initial showing that there is no genuine dispute of material fact, the non-moving party cannot rely on the "mere existence of a scintilla of evidence" to defeat summary judgment but must set forth "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original); Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Anderson, 477 U.S. at 252). "A dispute about a 'genuine issue' exists for summary

judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita, 475 U.S. at 586-87). This Court resolves all factual ambiguities and draws all inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255; Jeffreys v. City of N.Y., 426 F.3d 549, 553 (2d Cir. 2005).

II. Copyright Claims

McDonald claims the Conigliaro Defendants infringed his copyright of the "Remnants" screenplay. To prevail on a copyright infringement claim, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)) (internal quotations marks omitted). While ownership initially vests in the author of a work, it commonly is sold or licensed to down-stream publishers and producers. See Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 546-47 (1985). Contracts effecting the sale and license of copyrights are construed "according to state law principles of contract interpretation, even though the subject matter . . . concerns issues of federal copyright law." Gary Friedrich Enters., LLC v. Marvel Characters, Inc., 716 F.3d 302, 313 (2d Cir. 2013); see also 2 Patry on Copyright § 5:129 (Sept. 2013) (state contract law determines rescission and whether consideration provided).

A. Bona Fide Purchaser

McDonald claims he still holds the screenplay copyright because Reiss fraudulently induced the August 2006 assignments. The Conigliaro Defendants counter that, regardless of whether Reiss induced McDonald's assignment, Conigliaro owns the screenplay copyright as a bona fide purchaser. (Defs. Conigliaro and Verify's Mem. Mot. Summ. J. 6-8.) A bona fide purchaser is one who obtains title for valuable consideration and lacks notice of "the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor." Morris v. Adams, 919 N.Y.S.2d 36, 37 (App. Div. 2d Dep't 2011) (quoting N.Y. Real Prop. Law § 266); cf. N.Y. U.C.C. Law § 2-403. "Under New York law, a recipient of property takes the property free of any equitable interest, such as would give rise to a constructive trust, when the recipient is a bona fide purchaser." Briarpatch Ltd. LP v. Phoenix Pictures, Inc., 312 F. App'x 433, 434 (2d Cir. 2009) (applying New York law on bona fide purchasers to copyright interests).

McDonald claims that Conigliaro had notice of the alleged fraud or other valid claims on the copyright because Conigliaro's attorney "knew" the 2011 settlement would render the 2006 assignments void for lack of or failure of consideration.[1] (Pl.'s Mem. Opp'n Summ. J. 18-20.) This argument is misplaced. First, knowledge of McDonald's compensation under the Operating Agreement does not constitute knowledge of the promises allegedly made by Reiss to fraudulently induce McDonald to assign the copyright. McDonald has presented no evidence that Conigliaro or his attorney had notice of Reiss and Brown's purported fraudulent promises

---

[1] Lack of consideration refers to the absence of consideration at the time the parties entered their agreement; failure of consideration refers to a promised performance not rendered. 3 Williston on Contracts § 7:11 (4th ed. May 2013).

that McDonald would serve as director and retain the screenplay copyright. Because Conigliaro knew only of McDonald's compensation under the operating agreement and settlement, no reasonable jury could find that Conigliaro was on notice of Reiss's purported fraud.

Second, Conigliaro's attorney had no notice of any other valid claim. McDonald suggests Conigliaro's attorney knew the 2006 assignments lacked consideration, and therefore Conigliaro cannot be a bona fide purchaser. Courts evaluate the presence of consideration at the time the parties contracted. See Nautilus Neurosciences, Inc. v. Fares, No. 13 Civ. 1078 (SAS), 2013 WL 3009488, at *2 (S.D.N.Y. June 14, 2013). If the slightest consideration was present when the parties entered the contract, the parties are bound.[2] See Mencher v. Weiss, 306 N.Y. 1, 8 (1953). Reiss told Conigliaro's attorney that the 2011 settlement would void the consideration given for the 2006 copyright assignments. But when McDonald's business partner executed the operating agreement, McDonald's partnership received a 49.5% ownership interest in a production company with the capacity to turn McDonald's screenplay into a film that could be distributed commercially. That represents valid consideration.[3]

McDonald also argues that Conigliaro's attorney knew the 2006 assignments would fail because McDonald's partnership's share of Remnants Productions became worthless. Consideration fails when "one who has promised to give some performance fails[, not through his own fault,] to receive in some material respect the agreed quid pro quo for that performance."

---

[2] Although New York courts evaluate both the sufficiency and adequacy of consideration when a plaintiff alleges fraud, such analysis is inappropriate here because Conigliaro's attorney had no inkling of fraud. Cf. Fellion v. Darling, 789 N.Y.S.2d 541, 544 (App. Div. 3d Dep't 2005); Janian v. Barnes, 294 A.D.2d 787, 788-89 (N.Y. App. Div. 3d Dep't 2002) ("[A]s defendant has no viable fraud claim, Supreme Court correctly found no basis to question the adequacy of the consideration . . . .").

Fugelsang v. Fugelsang, 517 N.Y.S.2d 176, 177 (App. Div. 2d Dep't 1987). In allotting McDonald's partnership a 49.5% equity interest in Remnants Productions, Cine Globe materially performed its promise to compensate McDonald. In sum, McDonald offers no evidence that Conigliaro or his attorney knew of a valid claim against the "Remnants" screenplay.

Finally, McDonald suggests that Conigliaro is not a purchaser for value and therefore cannot be a bona fide purchaser. But "[i]t is well established that promises to waive claims, forego future litigation, or forebear from enforcing legal rights constitute valid consideration." Joab Commercial Laundries Inc. v. Reeder, 552 N.Y.S.2d 361, 362 (App. Div. 2d Dep't 1990) (citations omitted); see also Commodity Futures Trading Comm'n v. Walsh, 17 N.Y.3d 162, 172-74 (2011) (applying bona fide purchaser standard to holder of assets from divorce settlement and concluding relinquishment of legal right to untainted assets constitutes valid consideration ). By waiving his claims, Conigliaro obtained the "Remnants" screenplay for valuable consideration.

Thus, even if Reiss or Brown fraudulently induced the 2006 assignments, Conigliaro owns the "Remnants" screenplay as a bona fide purchaser. Without ownership of the copyright, McDonald's first and second counts for copyright infringement fail. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010).

B. Statute of Limitations

Under Federal Rule of Civil Procedure 56(f), courts may grant summary judgment on grounds not raised by the parties, provided the court has given notice and a reasonable time to

---

[3] A bona fide purchaser gains a clean title to a voidable contract, but not a void one. Generally, lack of consideration renders the contract void. Because no reasonable jury could conclude the agreement lacked consideration, the agreement is not void and does not prevent Conigliario from being a bona fide purchaser.

respond. McDonald and Reiss fully briefed the statute of limitations defense to the copyright infringement claim on Reiss's summary judgment motion. Although the Conigliaro Defendants do not refer to the statute of limitations defense in their summary judgment papers, they have not waived it. (Conigliaro Defs.' Answer to SAC at 15, Mar. 22, 2013, ECF No. 40) (raising statute of limitations defense in their answer). Even if the issue had not been briefed, "district courts may dismiss an action sua sponte on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" See Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) (quoting Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)).

McDonald's claim to the "Remnants" copyright rests on rescission of the 2006 assignments because Reiss allegedly fraudulently induced them. "A claim for rescission based on actual fraud is governed by the statute of limitations for claims based on fraud." Certain Underwriters at Lloyd's v. Milberg LLP, No. 08 Civ. 7522 (LAP), 2009 WL 3241489, at *5 (S.D.N.Y. Sept. 30, 2009). Fraud claims are timely in New York if filed within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. 213(8) (McKinney 2013). "A cause of action for fraud in the inducement of a contract . . . accrues at the time of the execution of the contract." In re Ply*Gem of Laurel, Inc. v. Lee, 456 N.Y.S.2d 382, 383 (App. Div. 1st Dep't 1982).

McDonald's claim accrued in August 2006 when he executed the two assignments of the Remnants copyright, allegedly relying on Reiss's promise that they would not be effective until the film was completed with McDonald serving as director. McDonald filed

his summons and complaint on September 6, 2012, more than six years after he executed the contracts. Therefore, McDonald's claim is timely only if the two-year discovery rule applies. See N.Y. C.P.L.R. 213(8).

"The test as to when a plaintiff, with reasonable diligence, could have discovered an alleged fraud is an objective one." Certain Underwriters, 2009 WL 3241489, at *8 (quoting Prand Corp. v. Cnty. of Suffolk, 62 A.D.3d 681, 682 (N.Y. App. Div. 2d Dep't 2009)).

> [W]here the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him.

Gutkin v. Siegal, 85 A.D.3d 687, 688 (N.Y. App. Div. 1st Dep't 2011) (alteration in original) (quoting Armstrong v. McAlpin, 699 F.2d 79, 88 (2d Cir. 1983)). "Knowledge of information materially inconsistent with the alleged misrepresentations will trigger the two-year limitations period." Certain Underwriters, 2009 WL 3241489, at *8 (citing Rattner v. York, 571 N.Y.S.2d 762, 764-65 (App. Div. 2d Dep't 1991)).

By January 2010, McDonald knew the "Remnants" copyright was no longer registered in his name and that someone else was serving as director of "Remnants." (Pl.'s Mem. Opp'n Summ. J. 13.) This knowledge was materially inconsistent with Reiss's representation that McDonald would retain the copyright until he had served as director for "Remnants." This put him on notice of the alleged fraud. McDonald filed his summons and complaint in September 2012, approximately seven months after the discovery rule's two-year window had closed. See N.Y. C.P.L.R. 213(8).

Because McDonald's claim for fraudulent inducement of the copyright copyright is barred by the statute of limitations, he cannot rely on the purported fraudulent inducement to rescind the two assignments. See N.Y. C.P.L.R. 213(8).

III. Unjust Enrichment and Quantum Meruit Claims against Conigliaro Defendants

McDonald claims the Conigliaro Defendants were unjustly enriched by McDonald's writing, directorial, and production services. Under New York law, this Court "may analyze quantum meruit and unjust enrichment together as a single quasi contract claim." Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005). To establish a claim for unjust enrichment, McDonald must provide evidence sufficient to "indicate a relationship between the parties that could have caused reliance or inducement." Mandarin, 16 N.Y.3d at 182. The parties do not dispute that Conigliaro and McDonald neither met nor spoke before McDonald filed this lawsuit. (Compare Pl.'s Counter Statement Opp'n Conigliaro Defs. ¶¶ 17-18, with Conigliaro and Verify LLC's 56.1 Statement ¶¶ 17-18.) Without a relationship, McDonald could not have relied on representations from Conigliaro when he performed writing, directorial, and production services. See Georgia Malone & Co. v. Ralph Rieder, 86 A.D.3d 406, 408-11 (N.Y. App. Div. 1st Dep't 2011).

McDonald counters that the association is sufficient because Conigliaro knew a payment was due to McDonald when he settled with other parties. (See Pl.'s Mem. Opp'n Summ. J. 22.) Even if McDonald was owed payment, liability does not spring from mere awareness of plaintiff's existence. Georgia Malone, 86 A.D.3d at 409. Nor does it arise just because a defendant earned a profit from plaintiff's work. Georgia Malone, 86 A.D.3d at 409. "[I]f services were performed at the behest of someone other than the defendant, the plaintiff

must look to that person for recovery." Kagan v. K-Tel Entm't, Inc., 172 A.D.2d 375, 376 (N.Y. App. Div. 1st Dep't 1991). McDonald acted under the operating agreement, not in reliance on Conigliaro. "A claim for unjust enrichment does not lie to relieve a party 'of the consequences of [the party's] own failure to . . . exercise caution with respect to a business transaction.'" Dragon Inv. Co. II LLC v. Shanahan, 49 A.D.3d 403, 405 (N.Y. App. Div. 1st Dep't 2008) (alterations in original). Absent evidence of inducement by Conigliaro, McDonald has failed to raise a genuine issue of material fact as to the unjust enrichment of the Conigliaro Defendants. Because McDonald provided the services to Remnants Productions rather than to Conigliaro, McDonald's quantum meruit claim against the Conigliaro Defendants also fails. See Hakim v. Hakim, 99 A.D.3d 498, 502 (N.Y. App. Div. 1st Dep't 2012); Georgia Malone, 86 A.D.3d at 411.

IV. Conigliaro Defendants' Motion to Strike the Jury Demand

The Conigliaro Defendants' motion to strike the jury demand is denied as moot.

## CONCLUSION

For the foregoing reasons, Thomas V. Conigliaro and Verify LLC's motion for summary judgment is granted. The motion to strike the jury demand is denied as moot. The Clerk of the Court is directed to terminate the motion pending at ECF Number 53.

Dated: January 13, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Lisa Ornest
Law Office of Lisa Ornest
44 Wall Street, 12th Floor
New York, NY 10005
*Counsel for Plaintiff*

Peter R. Ginsberg
Peter R. Ginsberg Law, LLC
12 East 49th Street
30th Floor
New York, NY 10017
*Counsel for Defendants Thomas V. Conigliaro and Verify, LLC*